# EXHIBIT 2

**IN THE DISTRICT COURT OF CARTER COUNTY
STATE OF OKLAHOMA**

Veronica Parker-Taylor,

      Plaintiff,

vs.

The Independent School District No. 19
of Carter County a/k/a Ardmore City
Public Schools

      Defendant.

Case No.   CJ·21·37

FILED
FILED IN DISTRICT COURT

MAR 03 2021

AT_____ o'clock _____ M.
RENEE BRYANT Court Clerk
Carter County, Oklahoma

**PETITION**

**COMES NOT** Plaintiff Veronica Parker-Taylor and for her action against

Defendant Independent School District NO. 19 of Carter County, Oklahoma commonly

known as Ardmore City Schools, allege and stat as follows:

***PARTIES***

1. The Plaintiff is Veronica Parker-Taylor, an adult resident of Carter County,

Oklahoma.

2. The Defendants are the Independent School District No. 19 of Carter County a/k/a

the Ardmore City Public Schools (individually known as the School and the Ardmore City

Schools' Board of Education for Independent School District No. 19, (individually known

as the Board) Carter County, Oklahoma (collectively known as the Defendants).

3. Plaintiff's claims are for:

A.      Retaliatory threats of termination or, in the alternative, retaliatory threats of

failure to rehire and/or retaliatory threats of failure to renew Plaintiff's contract, after

Plaintiff complained of racial disparity between herself and other cafeteria managers and

racially motivated discipline in violation of Plaintiff's free speech protections under the

Okl. Const. Art. II, § 36A (prohibiting discrimination on the basis of race in public

education); Okl. Const. Art. II, § 22 (protecting the exercise of plaintiff's right to free

speech) and Oklahoma's clearly established public policy protecting complaints of

mistreatment of, and discrimination against, Plaintiff and Oklahoma's clearly established

public policy as set out in Okl. Const. Art. II, § 36A (prohibiting discrimination on the

basis of race in public education); O.A.C. 210: 1-3-5 (prohibiting discrimination on the

basis of race, color, and national origin in the provision of services, activities or programs

and practices); O.A.C. 210:40-15-1 (incorporating Title VI of the Civil Rights Act which

prohibits discrimination on the basis of race, color, national origin, among other

categories in programs receiving federal financial assistance);

B.      Plaintiff's cause of action is for interference with Plaintiff's FMLA leave

and retaliation for requesting and seeking to take medical leave in violation of the Family

Medical Leave Act (hereinafter, "FMLA") and threats of termination for taking FMLA

and refusal to reinstate Plaintiff to her former position following the completion of her

FMLA leave.

C       For disability discrimination and retaliation under the Americans With

Disability Act, as amended (ADAAA). Discrimination and retaliation on the basis of

disability is also prohibited by the Oklahoma Anti-Discrimination Act (OADA).

D.      Retaliatory termination or, in the alternative, retaliatory failure to rehire and/or retaliatory failure to renew Plaintiff's contract after Plaintiff complained of Defendant's failure to pay wages in violation of the Fair Labor Standards Act (FLSA) and Oklahoma's public policy as set out in the Oklahoma's Protection of Labor Act (OPLA);40 Okla. St. § 165.1, et seq., and *Reynolds v. Avance Alarms, Inc.*, 232 P.3d 907 (2009) (protecting employees who report unpaid wages and assert their right to payment for wages earned);

E.      Denial of Plaintiff's substantive and procedural due process rights actionable under 42 U.S.C. § 1983.

F.      Interference and tortious interference with contract and malicious wrong in violation of Oklahoma law for discriminatory treatment and threats of terminating the Plaintiff in retaliation for her complaints of racial discrimination against herself, unpaid wages, discrimination, and interference with FMLA leave.

## *JURISDICTION AND VENUE*

4.      Jurisdiction over the federal claims is vested in this Court under 29 U.S.C. § 2617(a)(2), 42 U.S.C., 42 U.S.C. § 1217(a) and 28 U.S.C. §1331.  The state law claims arise out of the same core of facts and jurisdiction over them are vested under 28 U.S.C. § 1367(c).

5.      All of the actions complained of occurred in Carter County, Oklahoma, and the Defendant may be served in that county. Carter County is a county within the United States District Court for the Eastern District of Oklahoma; thus, venue is proper in this Court.

6.      Plaintiff was hired as a cafeteria manager for Lincoln Elementary School, a school

within the Independent School District No. 19 of Carter County a/k/the Ardmore City

Public Schools.

7.      In 2018 an employee, BS[1], of the schools called Plaintiff a "n*****."  Plaintiff

reported this highly offensive racial slur and BS was banned for a time form the Lincoln

campus. However, BS was sent to work at another campus that had a population of more

than 90% African American students.

8.      Plaintiff filed a grievance for the racial slur, which was not address and BS was

allowed to return to the Lincoln campus and Plaintiff was required to again work with

her.

9.      In the 2017/2018, 2018/2019, 2019/2020, and 2020/2021 school years Plaintiff

complained that her contract and the contract of another African American cafeteria

manager were less advantageous than the contracts of the Caucasian cafeteria managers.

10.     All cafeteria managers are required to perform the same necessary functions of the

position.  However, the Caucasian cafeteria managers' contracts gave them 8 hours per

day to perform their duties, hours for which they were paid.

11.     In contrast Plaintiff and another African American cafeteria manager's contract

required they perform the same functions as the Caucasian cafeteria managers in 7.5

hours per day, rather than the 8 hours per day that the Caucasians' contracts paying them

for less hours per day and less hours per week.

---

[1] Teachers and other employees are identified by initials.

12.     In late March early April. Plaintiff was only sent black females to work inside her kitchen during COVID-19 pandemic (4 total) and when one tested positive, she was abruptly sent home and never replaced... nor was our staff quarantined.

13.     Plaintiff and her staff continued working with only 4 staff while the staff at the Caucasians' campuses had a staff of 7 to eight.

14.     On April 20, 2020, Plaintiffs supervisor RC, disciplined Plaintiff stating someone had told her that Plaintiff was "being hateful." This was an allegation that RC did not personally witness nor did she investigate.

15.     Per the school's policy Plaintiff could only be discipled for an act that RC witnessed for investigated to ascertain its truthfulness.

16.     Plaintiff requested RC withdraw the inappropriate disciplinary action and she retaliated by denying Plaintiff's request to work during the summer term.

17.     The work for the summer term was given to a Caucasian employee with less seniority than Plaintiff.

18.     In March 2020, one of the school's bus drivers, SB, a large Causation man yelled at Plaintiff in a threatening manner. This was witnessed by others, including the Principal Lacey Barton, but no one assisted Plaintiff.

19.     Plaintiff reported this to her supervisor RC and nothing was done to remedy the growing hostile environment.

20.     In April 2020, Plaintiffs concerns over the grown hostility and discrimination caused her to report the treatment to the School Board President, James Foreman, her

Principal Lacey Barton, her Vice Principal Amanda Kramer, and the Superintendent Kim Holland.

21.     Plaintiff's Principal Lacey Barton, her Vice Principal Amanda Kramer also knew about the RC's improper write up and that her campus was working short staffed as compared to the staffing by the Caucasian cafeteria managers.

22.     On or about May 18, 2020, Plaintiff learned that the bus driver, SB, had obtained her phone number.  When she asked him to please delete her phone number, he because visibly angry, swaying back and forth and yelling her name while glaring at her.  Plaintiff became extremely frightened and closed herself in her office. This resulting in her having a panic attack due to her increased blood pressure.

23.     Plaintiff went out on FMLA leave on August 26, 2020 due to elevated blood pressure and Post Traumatic Stress Disorder.

24.     Plaintiff met with the Superintendent, Kim Holland, and Assistant Superintendent Day.  Superintendent Holland agreed to investigate the events but after that meeting, he quit communicating with Plaintiff.

25.     In December 2020 Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission and she was given her Right to Sue Letter on December 4, 2020, thus this action is timely filed within the 90 days.

26.     Plaintiff was scheduled to return from FMLA leave on January 11, 2021.  She informed her Principal Lacey Barton that she had been released by her doctor to return to work without restriction.

27.     Plaintiff arrived at or on January 11, 2021 and could not get into the building because her key would not work.  She waited for other to arrive in order to gain entry and began working.

28.     Principal Lacey Barton came and told her that she could not return to work until she spoke with the Superintendent Kim Holland and sent her home.

29.     Plaintiff placed several calls to set a meeting with Superintendent Kim Holland which were ignored until January 20, 2021.

30.     Plaintiff and Superintendent Kim Holland meet on January 21, 2021 and he told her she would not be returning to her position as cafeteria manager at Lincoln Elementary School.

31.     He offered her position as a cook at the Middle School or a couple months pay in order for her to secure other work.

32.     She requested to speak to the School Board and received a letter on February 23, 2021 that the Superintendent Kim Holland was recommending her termination due to Poor and negative attitude on the Job.  Her poor relationships with staff and students and her refusal to take the job transfer to the position as a cook.

## *COUNT I*

Plaintiff incorporates the above allegations and further alleges:

33.     Termination and threats of termination in retaliation for Plaintiff's complaints of racial discrimination against herself, violates Plaintiff's free speech rights under the Oklahoma Constitution and Oklahoma's public policy prohibiting discrimination on the basis of race.

34.     Under this Count, Plaintiff is entitled to her wage loss, including lost benefits. She

is also entitled to an award of emotional distress damages. Plaintiff if further entitled to

an award of attorney fees and costs.

### COUNT II

Plaintiff incorporates the above allegations and further alleges:

35.     Failure to pay wages violates Oklahoma's Protection of Labor Act which requires

payment of all wages within eleven days of earning such wages. Retaliatory termination

(or in the alternative failure to renew or failure to re-hire) after Plaintiff complained of

failure to pay wages, including overtime wages, violates the Fair Labor Standards Act,

Oklahoma's public policy as set out in the OPLA, 40 Okla. St. § 165.1, et seq. and

*Reynolds v. Avance Alarms, Inc.*, 232 P.3d 907 (2009) (protecting employees who report

unpaid wages and assert their right to payment for wages earned).

36.     Plaintiff can recover her unpaid wages, liquidated damages (under the OPLA and

separately under the FLSA) and emotional distress (under Oklahoma's public policy).

Plaintiff is also entitled to an award of attorney fees and costs.

### COUNT III

Plaintiff incorporates the above allegations and further alleges:

37.     Plaintiff's cause of action is for interference with Plaintiff's FMLA leave and

retaliation for requesting and seeking to take medical leave in violation of the Family

Medical Leave Act (hereinafter, "FMLA"). For disability discrimination and retaliation

under the Americans With Disability Act, as amended (ADAAA). Discrimination and

retaliation on the basis of disability is also prohibited by the Oklahoma Anti-

Discrimination Act (OADA). Defendant's actions were willful, deliberate, and made with the specific intent of causing injury to the Plaintiff.

## COUNT IV

Plaintiff incorporates the above allegations and further alleges:

38.     In the alternative, termination of the Plaintiff's employment constitutes a breach of her written employment contract, including a malicious breach in that the breach of contract occurred in retaliation for Plaintiff's reports of discrimination and reports of unpaid wages.

39.     Defendant's actions were taken in bad faith with the intent to wrongfully deprive the Plaintiff of the fruits of her employment contract. Defendant's actions were grossly reckless or in wanton and negligent disregard of the Plaintiff's rights.

40.     Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

## COUNT V

Plaintiff incorporates the above allegations and further alleges:

41.     The acts describe above were taken by the Defendant acting under the color of its authority in a manner which deprived Plaintiff of her constitutional rights to equal protection under the law.

42.     Plaintiff had a property interest in continued employment.

43.     Defendant's threats of termination of Plaintiff's employment (or in the alternative non-renewal of her employment and/or failure to re-hire) interfered with Plaintiff's

procedural and substantive due process rights under 42 U.S.C. § 1983, the Oklahoma

Constitution and the Teacher Due Process Act.

## *DEMAND FOR JURY TRIAL*

44.     The Plaintiff demands a jury trial for all issues of fact presented by this action.

## *RESERVATION OF ADDITIONAL CLAIMS*

45.     The Plaintiff reserves the right to plead further upon completion of discovery to

state additional claims and to name additional parties to this action.

## *PRAYER*

WHEREFORE, Plaintiff prays that she be granted judgment in her favor and

against the Defendant on all of its claims and that this Court grant all available

compensatory damages, damages, costs, attorney's fees and any other legal or equitable

relief allowed by law in an amount in excess of that required for diversity jurisdiction

pursuant to Section 1332 of Title 28 of the United States Code.

RESPECTFULLY SUBMITTED THIS 3rd DAY of MARCH 2021.

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED

Jacque Pearsall, OBA # 18317
3030 NW Expressway Suite 200 #477
Oklahoma City, Oklahoma 73112
Phone: (405) 289.9521
Facsimile: (405) 491.3016
Jacque@thepearsallgroup.com

## *VERIFICATION*

STATE OF OKLAHOMA        )
                         ) ss:
COUNTY OF CARTER         )

I, Veronica Parker-Taylor, individually have read the foregoing Petition, and attest that the allegations contained therein are true and correct to the best of my knowledge, information, and belief.

*Veronica Parker-Taylor*
Veronica Parker-Taylor

Signed and sworn to me before by Veronica Parker-Taylor on this the 3rd day of March 2021.

*Sherry L. Webb*
Notary Public

My Commission Number: 15006227

My Commission Expires: 07/06/2023

