**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
VERONICA PARKER-TAYLOR,        )
                               )
              Plaintiff,       )
                               )
v.                             )  Case No. CIV-21-241-KEW
                               )
CARTER SCHOOL DISTRICT         )
NO. 19,                        )
              Defendants.      )
                               )
                               )
```

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint[1] or in the Alternative Motion for More Definite Statement (Docket Entry #6). Plaintiff initiated this action on March 3, 2021, in the District Court in and for Carter County, Oklahoma. The action was removed to this Court on August 17, 2021. The parties consented to the undersigned on December 16, 2021.

In the Petition, Plaintiff alleges that during her time working as a cafeteria manager for Lincoln Elementary School, she experienced a hostile work environment due to racial animosity directed at her from two different colleagues, inappropriate disciplinary action, and racial discrimination. (Petition at ¶¶ 1-18). Plaintiff also alleges that one instance, in particular,

---

[1] The Plaintiff refers to this document as "Second Amended Complaint" because the complaint filed in the state court proceedings was amended prior to removal. For purposes of this order, this Court will refer to the petition at issue—previously deemed "Second Amended Complaint"—as simply "Petition."

caused her to have panic attacks so severe that she had to go on leave. (Petition at ¶¶ 21-22). When Plaintiff returned from leave, she alleges that she was informed that she was not allowed to return before meeting with the superintendent. (Petition at ¶¶ 25-26). During this meeting, Plaintiff alleges the superintendent offered her a position in a different school, stated "he had no plans to terminate her employment," and made no reference to any performance issues. (Petition at ¶¶ 27-29). Following this encounter, Plaintiff alleges that the School Board requested she speak at a hearing as termination was being recommended by the superintendent. (Petition at ¶ 29). Plaintiff alleges that she was denied the request of camera footage that would have supported her allegations at the hearing. (Petition at ¶ 31). After negative testimony was presented in the hearing, Plaintiff alleges that the School Board accepted the recommendation for termination of the Plaintiff. (Petition at ¶¶ 32-36). Plaintiff alleges that she has filed a "charge of discrimination with the Equal Employment Opportunity Commission," who mailed a Right to Sue Letter, and that this action was timely filed within 90 days of receipt of the letter. (Petition at ¶ 24). Plaintiff additionally alleges that more than ninety days have passed since she filed a Governmental Tort Claim Notice with the school district. (Petition at ¶ 37).

Based on these allegations, Plaintiff asserts several claims against the Defendant. First, under a subsection titled "Cause of Action" she asserts: (1) "[r]acially motivated discipline and

2

termination" in violation of "Okla. Const. Art. II, 36A . . . ; Okla. Const. Art. II, 22 . . . ; O.A.C. 210: 1-3-5 . . . ; [and] O.A.C. 210:40-15-1"; (2) "[i]nterference with Plaintiff's FMLA leave and retaliation for requesting and seeking to take medical leave in violation of the [FMLA] . . . and termination for taking FMLA and refusal to reinstate Plaintiff to her former position following the completion of her FMLA leave;" (3) disability discrimination and retaliation in violation with the Americans with Disability Act, as amended (ADAAA) and the Oklahoma Anti-Discrimination Act (OADA); (4) retaliatory termination or, in the alternative, failure to rehire and/or renew Plaintiff's contract after complaint of failure to pay wages in violation with "the Fair Labor Standards Act (FLSA) and . . . Oklahoma's Protection of Labor Act (OPLA); 40 Okla. St. 165.1, et seq., and *Reynolds v. Avance Alarms, Inc.*, 232 P.3d 907 (2009);" (5) denial of Plaintiff's substantive and procedural due process rights in violation with 42 U.S.C. 1983; (6) denial of due process due to the failure to provide notice to Plaintiff of the underlying facts supporting recommendation for termination in violation with the Teacher Due Process Act. (Petition at ¶¶ 40-47).

Following the causes of action, the Plaintiff lists five "Counts" some of which mimic the claims stated in the "Cause of Action" section. Count I alleges that the termination and threat of termination in retaliation of complaints of racial discrimination violates "Plaintiff[']s free speech rights under

3

the Oklahoma Constitution and Oklahoma's public policy prohibiting discrimination on the basis of race." (Petition at ¶ 48). Count II alleges that the failure to pay wages violated "Oklahoma's Protection of Labor Act" and retaliatory termination after complaint of failure to pay wages violated "the Fair Labor Standards Act, Oklahoma's public policy as set out in the OPLA, 40 Okla. St. 165.1, et seq. *Reynolds v. Avance Alarms, Inc.,* 232 P.3d 907 (2009)." (Petition at ¶ 50). Count III alleges the "interference with Plaintiff's FMLA leave and retaliation for requesting and seeking to take medical leave" in violation with the FMLA as well as disability discrimination and retaliation in violation with the ADAAA and the OADA. (Petition at ¶ 52). Count IV alleges termination in retaliation of Plaintiff's reports of discrimination in breach of Plaintiff's employment contract. (Petition at ¶ 53). Count V alleges the "termination of Plaintiff's employment (or in the alternative non-renewal of her employment and/or failure to re-hire)" in violation with "Plaintiff's procedural and substantive due process rights under 42 U.S.C. 1983, the Oklahoma [sic]." (Petition at ¶ 58).

   Through the pending Motion, Defendant first contends that the Ardmore City Schools Board of Education should be dismissed as a defendant because it is not a proper party to be sued and has no legal existence separate from the school district. Plaintiff conceded this point. In accordance with the consensus of the parties, this Court finds that Plaintiff's claims against the

Ardmore City Schools Board of Education shall be dismissed.

Defendant next contends that Plaintiff's claims are so ambiguous that Defendant cannot understand what legal theories Plaintiff is asserting and what facts Plaintiff is resting the theories on. Defendant contends that Plaintiff's claims should be dismissed because the Petition as it stands does not give Defendant fair notice of the claims being brought in accordance with the fair notice standard set forth by the United States Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Alternatively, Defendant contends Plaintiff should be required to replead her claims.

The Federal Rules of Civil Procedure require that a Petition include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Petition serves two purposes. First, the Petition provides the court with sufficient allegations that if proven true would entitle the claimant to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). In fact, the "complaint *must* contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face'" in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*, 550 U.S. at 570). The Court of Appeals for the Tenth Circuit has interpreted the plausibility

5

standard as referring "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). But the *Bell Atlantic* case did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2); rather, the Supreme Court continued to endorse Rule 8's "short and plain statement" requirement. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)).

Second, a Petition provides the opposing parties with fair notice of the basis of the claims being brought. The Supreme Court recognized this in the case of *Erickson*, wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl.*, 550 U.S. at 555).

Yet, if the Petition meets the plausibility standard but does not apprise the opposing party of the claims being brought the remedy is not dismissal but rather the granting of a motion for more definite statement, if one is made. *See Shuford v. Anderson*, 352 F.2d 755, 759 (10th Cir. 1965). The defendant has the right to call for a more definite statement under 12(e) before responding if the "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N. A.*, 534

U.S. 506, 514 (2002). *See also Gulf Coast W. Oil Co. v. Trapp*, 165 F.2d 343, 348 (10th Cir. 1947) ("If the requisite allegations of a complaint . . . are too general or indefinite to apprise the defendant of the nature of the charge leveled at him, or are insufficient to enable him to prepare his defense, he may require of plaintiff the additional information under Rule 12(e) . . . .") and *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)("If a party needs more facts, it has a right to call for them under Rule 12(e) of the Federal Rules of Civil Procedure . . . .").

Defendant first contends that the Petition is vague and ambiguous because it includes an extensive facts section covering a variety of topics and then follows with two separate sections of legal phrases haphazardly thrown together without demonstrating the factual basis for which they rest. In addition, Defendant contends that the two sections which contain these legal phrases, titled "Cause of Action" and "Counts," are inconsistent creating confusion as to which contain Plaintiff's claims. Defendant additionally contends that Plaintiff, in her response brief[2], alleged that she plead violations of the "[F]ederal Rehabilitation Act" which the Defendant contends was not in the Petition.

This Court agrees with Defendant that Plaintiff's complaint

---

[2] It should be noted that Plaintiff's response brief was filed outside of the time allotted for response, six days after to be exact, on September 13, 2021. This Court admonishes the parties that responsive briefings are to be filed with the Court Clerk and served upon all other parties within fourteen (14) days from the date the motion was filed.

7

is vague and ambiguous. The Plaintiff's use of two separate sections of legal theories which mimic but do not mirror each other, some theories being repetitive and others included in one section but not the other, makes the complaint ambiguous. In addition to the vague legal theories of the complaint, the Plaintiff mentions an additional violation of the Federal Rehabilitation Act which was not mentioned in any of the previous pleadings. As it stands, the complaint is vague and does not provide Defendant with fair notice of the claims and the basis for which they are being brought.

Despite this, dismissal is not warranted at this time; rather, Plaintiff shall file an Amended Complaint that clearly indicates her claims and the basis for which they are brought in accordance with Fed. R. Civ. P. 8(a)(2) and the plausibility standard enunciated in United States Supreme Court cases of *Bell Atlantic* and *Iqbal*.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss or in the Alternative Motion for More Definite Statement (Docket Entry #6) is hereby **GRANTED in part and DENIED in part**. The Court grants the motion to dismiss with respect to Defendant Ardmore City Schools Board of Education. The Court grants the motion for a more definite statement and denies the motion to dismiss against Defendant Carter School District No. 19. Plaintiff shall file an Amended Complaint by **April 11, 2022.**

IT IS SO ORDERED this 31st day of March, 2022.

*Kimberly E. West*
Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma