IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERONICA PARKER-TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INDEPENDENT SCHOOL DISTRICT ) <br> NO. 19 OF CARTER COUNTY, ) <br> ) <br> Defendant. ) | Case No. 21-CV-241-DES |

**OPINION AND ORDER**

This matter comes before the Court on Defendant, Independent School District No. 19 of Carter County's ("School District" or "Defendant") Motion for Summary Judgment (Docket No. 55). For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

I. Background

This action was filed by Plaintiff on July 23, 2021, in State Court and was removed by Defendant to this Court on August 17, 2021. (Docket No. 2). On August 24, 2021, Defendant filed its Motion to Dismiss Case for Failure to State a Claim. (Docket No. 6). On March 31, 2022, Magistrate Judge Kimberly West granted Defendant's motion in part and denied it in part, ordering Plaintiff to file an Amended Complaint by April 11, 2022. (Docket No. 14). Despite this order, no Amended Complaint was filed. On May 5, 2022, Judge West ordered Plaintiff to show cause in writing why she failed to file an Amended Complaint in compliance with the Court's order by May 13, 2022, noting that Plaintiff's failure to file the show cause report would result in the dismissal of this action without further notice or hearing. (Docket No. 15). On May 12, 2022, Plaintiff's counsel filed her response to the Court's Show Cause Order and included an Amended Complaint (Docket No. 16). The Amended Complaint was properly filed on May 16, 2022 (Docket No. 18).

1

In her Amended Complaint, Plaintiff alleges Defendant discriminated against, retaliated, and allowed the creation of a hostile work environment and ultimately wrongfully terminated Plaintiff in violation of Title VII and the Oklahoma Anti-Discrimination Act ("OADA"). (Docket No. 18 at 6 ¶ 30). Furthermore, Plaintiff alleges interference with her Family Medical Leave Act ("FMLA") leave and retaliation for requesting and taking medical leave in violation of the FMLA. *Id.* at 7, ¶ 35. Finally, Plaintiff alleges denial of her substantive and procedural due process rights in violation of 42 U.S.C. § 1983. *Id.* at 8, ¶ 39. Per the fifth amended scheduling order, discovery concluded on August 7, 2023. (Docket No. 43). Defendant filed its Motion for Summary Judgment and Brief in Support on August 3, 2023 (Docket No. 55).  In its motion, Defendant provided sixty-three (63) undisputed material facts, arguing that based on such undisputed material facts, Plaintiff cannot establish a *prima facie* case for any of her causes of actions. Plaintiff had until August 17, 2023 to respond to Defendant's Motion for Summary Judgment. No response was filed within the required timeframe.[1]

II.     Analysis

Pursuant to Local Civil Rule 7.1(d) "[e]ach party opposing a motion or objection shall file with the Court Clerk and serve upon all other parties a response within fourteen (14) days, if applicable, from the date the motion or objection was filed." LCvR 7.1(d). Defendant filed its Motion for Summary Judgement on August 3, 2023, thus Plaintiff had fourteen (14) days, or until August 17, 2023, to file her Response. Pursuant to Local Civil Rule 56.1(c), Plaintiff's "response brief in opposition to a motion for summary judgment (or partial summary judgment) shall begin with a section responding, by correspondingly numbered paragraph, to the facts that the movant

---

[1] On August 21, 2023, Plaintiff filed a Motion to for Leave to file Exhibits to her Response to Motion for Summary Judgment under seal. (Docket No. 64). Plaintiff's motion was denied as premature, and Plaintiff was directed to file an Application for Leave to Respond to Motion for Summary out of time. (Docket No. 66). Plaintiff's motion to file a response out of time was denied for failure to show good cause. (Docket No. 72).

contends are not in dispute and shall state any fact that is disputed." LCvR 56.1(c). "All material facts set forth in the statement of material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the nonmovant using the procedures set forth in this rule." LCvR 56.1(e). Plaintiff failed to file a Response to Defendant's Motion for Summary Judgment in the time specified by the local rules and failed to show good cause for such failure. The Tenth Circuit has determined that a party who fails "to file a response within the time specified by the local rule . . . waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). In such circumstances, "[t]he court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.* As such, Defendant's sixty-three (63) undisputed material facts are deemed admitted and should be accepted as true, to the extent that they are supported by the evidence presented.

This determination does not end the Court's analysis. "Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id.* Accordingly, summary judgment is "appropriate" under Fed. R. Civ. P. 56(e) only when the moving party has met its initial burden of proof. If Defendant has not met its burden to establish no genuine issue of material fact, "summary judgment must be denied even if no opposing evidentiary matter is presented." *Adickes v. S.H. Kress & Co.* 398 U.S. 144, 160 (1970).

    A.    Plaintiff's First Cause of Action

Plaintiff alleges Defendant discriminated against, retaliated, and allowed the creation of a hostile work environment and ultimately wrongfully terminated Plaintiff in violation of Title VII and the Oklahoma Anti-Discrimination Act. (Docket No. 18 at 6, ¶ 30).

      i.      Race Discrimination

To establish a prima facie case of race discrimination Plaintiff must show: (1) she "was a member of a protected class;" (2) she "was qualified and satisfactorily performing [her] job"; and (3) she "was terminated under circumstances giving rise to an inference of discrimination." *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004). Defendant does not dispute that Plaintiff was a member of a protected class as an African American. (Docket No. 55 at 11). However, Defendant submitted seven (7) undisputed material facts to show that that Plaintiff was not satisfactorily performing her job. Defendant submitted deposition testimony and an affidavit as evidence that during her employment with the School District, there were complaints about the Plaintiff and her "hateful" behavior toward other employees sufficient enough to make employees not want to work with Plaintiff. *Id*. at 2-3, ¶¶ 4-6 and 7, ¶ 38. This behavior led to Plaintiff being written up. *Id.* at 2, ¶¶ 7-8. Defendant alleges that due to the issues Plaintiff was having with other employees, she was offered a "non-management position at the same pay at a different school site as a means of having a fresh start." *Id*. at 11. This statement is supported by testimony of the Plaintiff and former Superintendent Kim Holland. *Id.* at 8, ¶ 47. Despite this offer, Plaintiff failed to report to the new position. *Id.* at 8, ¶ 51. Based on the evidence presented, the undisputed facts demonstrate that Plaintiff cannot establish she was performing her job satisfactorily.

Furthermore, Defendant submitted ten (10) undisputed material facts (Nos. 15, 19, 21, 24, 25, 28, 29, 35, 37, 63) to show that that Plaintiff's Amended Complaint did not take place under circumstances giving rise to an inference of discrimination. *Id.* at 11. Plaintiff's own testimony establishes that "[n]o racial slurs, racially charged statements, or inappropriate slurs were used in the many incidents that Plaintiff complains of occurring during the spring and fall of 2020." *Id*.

4

Based on the evidence presented, the undisputed facts demonstrate that Plaintiff's Amended Complaint did not take place under circumstances giving rise to an inference of discrimination. Therefore, Plaintiff cannot establish a *prima facie* case of race discrimination.

      ii.      Retaliation

To establish a prima facie case of retaliation under Title VII, Plaintiff must show: "(1) that [s]he was engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (quoting *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987 (10th Cir. 2011)).

Defendant alleges that Plaintiff filed an EEOC charge against the School District while she was on FLMA leave. (Docket No. 55 at 7, ¶ 43). However, Defendant argues that the facts show prior to Plaintiff's EEOC charge, she displayed a long history of unprofessional behavior which was the underlying reason for her transfer within the School District. *Id*. at 12-13. "Further, before Plaintiff went on FMLA leave, employees reported to Plaintiff's supervisor that they could no longer work with her. *See* SUMF No. 38." *Id*. at 13. From the undisputed facts presented, it is clear the reasons for Plaintiff's termination were not causally connected to Plaintiff's EEOC charge. Therefore, Plaintiff cannot establish a prima facie case of retaliation.

      iii.      Hostile Work Environment

In her Amended Complaint, Plaintiff alleges that Defendant allowed the creation of a hostile work environment and claims that her post-traumatic stress disorder ("PTSD") was triggered, which is why she was ordered by her physician to take time of work. (Docket No. 18 at 3, 6). For this claim to survive summary judgment, Plaintiff must show that she was discriminated

against based on her race and "that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of [her] employment and created an abusive working environment." *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1227 (10th Cir. 2022) (quotation omitted). "This means the plaintiff must: (1) subjectively perceive the conduct to be severe or pervasive, and (2) show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult." *Id.* at 1228 (quotation omitted).

First as noted above, the undisputed facts demonstrate that Plaintiff was not discriminated against because of her race; thus, Plaintiff cannot demonstrate that any alleged harassment "was racial or stemmed from racial animus." *Bolden v. PRC Inc.,* 43 F.3d 545, 551 (10th Cir. 1994). Second, the undisputed facts do not show any severe or pervasive discrimination occurred such that it altered the terms or conditions of Plaintiff's employment and created an abusive work environment. As Defendant argues, the undisputed facts suggest that it was Plaintiff herself who created a work environment in which employee could not continue working in. (Docket No. 55 at 7, ¶ 38). Furthermore, the only facts before this Court to indicate intimidating conduct against Plaintiff was the behavior of a bus driver who Plaintiff claims "got belligerent and started yelling at her" on two occasions, *id.* at 4, ¶ 18 and 5, ¶22, and an employee who she once had an issue with, giving her "hateful looks." *Id.* at 4, ¶ 15. "Courts have held that isolated acts of verbal harassment are not sufficiently severe to alter the terms of employment." *Brown v. LaFerry's LP Gas Co.*, No. CIV16-321-JHP, 2017 WL 318822, at *4 (E.D. Okla. Jan. 23, 2017), aff'd, 708 F. App'x 518 (10th Cir. 2017) (citing *Morris v. City of Colorado Springs*, 666 F.3d 654, 666-69 (10th Cir. 2012)). Verbal statements do not equate to "physical assault, which is what is typically required when dealing with isolated incidents of misconduct." *Id*. As there is no evidence presented

of physical assault, and specifically no evidence of harassment that was racial or stemmed from racial animus, Plaintiff cannot establish a prima facie case of hostile work environment.

Finally, Plaintiff alleges race discrimination, retaliation and hostile work environment under both federal (Title VII) and state law (OADA). "The Tenth Circuit has determined that a plaintiff's OADA claim fails if her federal discrimination claims fail." *McCully v. Am. Airlines, Inc.*, 695 F. Supp. 2d 1225, 1246–47 (N.D. Okla. 2010), *aff'd*, 406 F. App'x 260 (10th Cir. 2010); *Barzellone v. City of Tulsa*, 2000 WL 339213, at *5 (10th Cir. 2000) (unpublished); *Anthony v. City of Clinton*, 1999 WL 390927, at *8 n. 6 (10th Cir. 1999) (unpublished); *LeFlore v. Flint Indus., Inc.*, 1999 WL 89281, at *3 n. 4 (10th Cir. 1999) (unpublished) (affirming district court's holding—unchallenged on appeal—that the legal analysis for plaintiff's OADA claim was the same as his ADEA claim); *Wilson v. State Ins. Fund ex rel. Okla.*, 1997 WL 12929, at *2 (10th Cir. 1997) (unpublished) ("[f]or essentially the same reasons set forth in our analysis of the ADA claim, plaintiff's state statutory claims also fail")). Accordingly, because Plaintiff's Title VII race discrimination claims fail, her OADA claim must also fail.

B.      Plaintiff's Second Cause of Action

In her Amended Complaint, Plaintiff's second cause of action alleges that Defendant interfered with Plaintiff's FMLA leave and retaliated against her for requesting and taking medical leave in violation of the FMLA. Her Amended Complaint states that following her return to work after taking FMLA leave, Defendant refused to return Plaintiff to her management position and instead offered her only a demotion to a non-management position in violation of her rights under the FMLA. (Docket No. 18 at 7, ¶¶ 35-36).  Defendant denies these claims and presents undisputed factual evidence to support its denial.

To establish a prima facie claim for FMLA interference, Plaintiff must show: "(1) that

[s]he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with [her] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of [her] FMLA rights." *Jones v. Denver Public Schools*, 427 F.3d 1315, 1319 (10th Cir. 2005) (citation omitted).

There are no undisputed facts presented that would support a claim for interference with Plaintiff's FMLA leave. In fact, the only undisputed facts which were supported by Plaintiff's own deposition testimony, show that Plaintiff requested FMLA leave and that it was granted to her. (Docket No. 55 at 7, ¶¶ 40-44). Finally, as discussed above, Defendant's decision to terminate Plaintiff's employment was the result of Plaintiff's unprofessional conduct and difficulties with her employees, not as a result of her request to take FMLA leave. *Id.* at 15. Therefore, Plaintiff cannot establish a prima facie claim for FMLA interference.

To establish a prima facie claim of FMLA retaliation, Plaintiff must show "(1) she engaged in a protected activity; (2) [the School District] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action." *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007) (quotation omitted). A showing of bad intent or "retaliatory motive" on the part of the employer is necessary to satisfy the third prong. *Id.*

Here, Plaintiff in her Amended Complaint alleges that her management position was taken from her, and she was demoted to a non-management position upon returning from her FMLA leave. (Docket No. 18 at 7). Defendant argues that no causal connection exists between Plaintiff's use of FMLA leave and the School District proposing to move her to a different position or eventually terminating her. (Docket No. 55 at 15). In support of this, Defendant presented evidence based undisputed facts that show, Plaintiff was not being demoted as her pay/benefits were to

remain the same, but that she was being transferred to a different location within the school district for a "fresh start". (Docket No. 55 at 8, ¶47). According to the undisputed facts, this decision was made based on the complaints from the cafeteria workers regarding Plaintiff and how she treated them. *See id.* at 6-7, ¶¶ 31, 38. "[A]n employee who requests FMLA leave would have no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request than he or she did before submitting the request." *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1262 (10th Cir. 1998). Plaintiff has not presented any evidence to show a retaliatory motive or bad intent of the School District in suggesting the transfer. Therefore, Plaintiff cannot establish a prima facie claim for FMLA retaliation.

    C.        Plaintiff's Third Cause of Action

Plaintiff's final cause of action is that she was denied procedural due process rights based on Defendant's failure to provide Plaintiff notice of the underlying facts supporting the recommendation to terminate her. (Docket No. 18 at 8). To state an actionable procedural due process claim, Plaintiff must demonstrate: "(1) the deprivation of a liberty or property interest and (2) that no due process of law was afforded." *Ripley v. Wyoming Medical Center, Inc.*, 559 F.3d 1119, 1122 (10th Cir. 2009) (citations and internal quotations omitted). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted); see also *Seabourn v. Ind. Sch. Dist. No. I-300 of Woodward Cnty.*, 775 F. Supp. 2d 1306, 1311 (W.D. Okla. 2010) ("The root of the due process clause requires that an individual be given an opportunity for a hearing before she is deprived of any significant property interest."). Pursuant to the undisputed facts, and the evidence submitted in support, Plaintiff was provided a letter regarding her termination that indicated the reasons for termination were "[c]ontinued poor attitude while on the

9

job, including poor relationship with staff or students" and for "[r]efusal of job transfer within the district." (Docket No. 55 at 8, ¶¶ 53-54). Furthermore, the undisputed facts establish that Plaintiff received a due process hearing, pursuant to Okla. Stat. tit. 70, §§ 6-101.46-101.47. *Id.* at 9, ¶ 58. Plaintiff received notice of the hearing, and she was represented at the hearing by the same counsel representing her in this matter. *Id.* at ¶¶ 57, 59. Plaintiff testified at the due process hearing. *Id.* at ¶ 60. Portions of the due process hearing transcript were provided as evidence to support the undisputed facts, along with portions of Plaintiff's own deposition transcript. From the undisputed facts presented, it is clear Plaintiff was granted a due process regarding her termination. Therefore, Plaintiff cannot establish a prima facie case for due process violation.

III.  Conclusion

Based on the undisputed facts presented and the evidence included to support the undisputed facts, no genuine issues of material fact exist. Based on this, Defendant is entitled to judgment as a matter of law. IT IS THEREFORE ORDERED that Defendant Independent School District No. 19 of Carter County's Motion for Summary Judgment is hereby **GRANTED.**

IT IS SO ORDERED this 28th day of August, 2023.

_____
D. Edward Snow
United States Magistrate Judge