IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERONICA PARKER-TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21-CV-241-DES |
| v. ) | |
| ) | |
| INDEPENDENT SCHOOL DISTRICT ) | |
| NO. 19 OF CARTER COUNTY, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON PLAINTIFF'S REQUEST TO RECONSIDER

This matter comes before the Court on Plaintiff, Veronica Parker Taylor's ("Plaintiff") Request for Reconsideration (Docket No. 79). For the reasons set forth below, Plaintiff's Request is hereby DENIED.

On August 3, 2023, Defendant filed its Motion for Summary Judgment and Brief in Support, arguing that based on the undisputed material facts provided by Defendant, Plaintiff could not establish a prima facie case for any of her causes of actions. (Docket No. 55). Pursuant to Local Civil Rule 7.1(d), Plaintiff had fourteen (14) days, or until August 17, 2023, to respond to Defendant's Motion for Summary Judgment.[1] On August 21, 2023, Plaintiff filed a Motion for leave to file exhibits to her Response under seal. (Docket No. 64). On August 22, 2023, Plaintiff's Motion was denied as premature, and Plaintiff was directed to file an Application for leave to file a Response to Defendant's Motion for Summary out of time by August 28, 2023. (Docket No. 66). Although Plaintiff timely filed her Motion to file her Response out of time (Docket No. 70), this

---

[1] The docket entry where Defendant's Motion for Summary Judgment is entered included a notation informing Plaintiff of the response due date. It reads, "Motion for Summary Judgment and Brief in Support by Carter School District No. 19 (With attachments) **Responses due by 8/17/2023** (Priddy, John) (Entered: 08/03/2023)" (Docket No. 55).

1

Court found Plaintiff failed to show good cause why such motion should be granted. The Court therefore denied Plaintiff's Motion to file her Response to Defendant's Motion for Summary Judgment out of time. (Docket No. 72).

Under Local Civil Rule 56.1(e), "[a]ll material facts set forth in the statement of material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the nonmovant using the procedures set forth in this rule." LCvR 56.1(e). Tenth Circuit precedent also determines that a party who fails "to file a response within the time specified by the local rule . . . waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Thus, pursuant to Local Civil Rules and binding case law "[t]he court should accept as true all material facts asserted and properly supported in the summary judgment motion . . . if those facts entitle the moving party to judgment as a matter of law." *Id.* Accordingly, Defendant's sixty-three (63) undisputed material facts set forth in its Motion for Summary Judgment were deemed admitted and were accepted as true, to the extent that they were supported by the evidence presented. (Docket No. 55 at 2-9).

In her Request for Reconsideration, Plaintiff argues that "[s]ummary judgment is not proper merely because counsel for the Plaintiff failed to file a response." (Docket No. 79 at p. 3). The Court agrees, which is why the Court proceeded to analyze each of Plaintiff's causes of action and apply the now undisputed facts Defendant presented in determining that Plaintiff could not establish a prima facie case on any of her allegations. (Docket No. 73 at 4-10). Plaintiff spends the majority of her Request for Reconsideration telling the Court that it was required to analyze and examine the Defendant's Motion for Summary Judgment to determine if Defendant has met its initial burden of demonstrating that no material issues of fact remain, even when a nonmoving

party fails to respond. (Docket No. 79 at 4-6). A thorough reading of the Court's Opinion and Order would have made Plaintiff's counsel aware that the Court conducted the required analysis.

Furthermore, Plaintiff argues that the granting of summary judgment was entered as a sanction pursuant to "Local Rule 7.4," which is not a local civil rule in the Eastern District of Oklahoma.[2] (Docket No. 79 at 5). Regardless, summary judgment was not entered as a sanction. In fact, Defendant's Motion for Sanctions (Docket No. 63) was denied after the Opinion and Order was entered. (*See* Docket No. 78). Rather, the Court declined to, yet again, exercise its discretion and permit Plaintiff to file her Response out of time in light of the numerous deadlines previously missed in this case. As a result, Plaintiff never responded to Defendant's Motion for Summary Judgment, and the Court deemed Defendant's material facts admitted pursuant to Local Court Rule 56.1(e).

Finally, the Court is troubled by Plaintiff's inclusion of the telephone conversation between the Court and Ms. Parker-Taylor as an exhibit because it offers no support for her argument that the Court should reconsider its Order granting Summary Judgment. Ms. Parker-Taylor called the Court on August 28, 2023, to inquire about the pretrial conference scheduled for August 29, 2023, because she could not reach her counsel. The Court, following entry of its Opinion and Order granting Summary Judgment and Minute Order striking the pretrial conference, returned Ms. Parker-Taylor's phone call and informed her that her presence was not required since the pretrial conference had been stricken. In no way did this conversation have any influence on the Court's Order granting Summary Judgment and Plaintiff does not indicate in her Request for Reconsideration what purpose this information serves.

---

[2] Likewise, there is no local rule 7.4 in the Western or Northern Districts of Oklahoma, and no Rule 7.4 in the Federal Rules of Civil Procedure or the Oklahoma State Rules of Civil Procedure. As such, this Court is unclear what rule Plaintiff is referring to.

Based on Plaintiff's failure to respond to Defendant's Motion for Summary Judgment, the material facts presented by Defendant were deemed admitted pursuant to Local Court Rule 56.1(e). The Court then performed an analysis pursuant to Fed. R. Civ. P. 56(e) and determined that based on the undisputed material facts presented, and the evidence included to support the undisputed facts, no genuine issues of material fact existed and Defendant was entitled to Summary Judgment as a matter of law. IT IS THEREFORE ORDERED that Plaintiff's Request for Reconsideration (Docket No. 79) is hereby **DENIED**.

IT IS SO ORDERED this 18th day of September, 2023.

_____
D. Edward Snow
United States Magistrate Judge